# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

STEVEN L. JOHNS                                                                                          PLAINTIFF

v.                          NO. 3:10CV00160 HDY

MICHAEL J. ASTRUE,                                                       DEFENDANT
Commissioner of the Social
Security Administration

## MEMORANDUM OPINION AND ORDER

INTRODUCTION. The record reflects that in May of 2005, plaintiff Steven L. Johns ("Johns"), then a child, sustained a traumatic brain injury in a four-wheeler accident. The following month, one of his parents filed an application for supplemental security income benefits on his behalf pursuant to the Social Security Act ("Act"). A representative of a state agency found that Johns was disabled as a result of his injury, but the Commissioner of the Social Security Administration ("Commissioner") determined that Johns was not eligible to receive supplemental security income benefits because the non-excluable or countable resources available to him during the relevant periods exceeded the limit established by the Act. He thereafter requested reconsideration of the Commissioner's determination, but the request was denied "based on the resource limit." See Transcript at 26.

One of Johns' parents then requested, and received, a <u>de novo</u> administrative hearing. Johns appeared at the hearing with his parents but was not represented by counsel. In March of 2008, an Administrative Law Judge ("ALJ") issued a decision adverse to Johns. The ALJ found that Johns was not eligible to receive supplemental security income benefits because the countable resources available to him during the relevant periods exceeded the limit established by the Act. Johns appealed the ALJ's decision with the assistance of an attorney. The Appeals Council affirmed the ALJ's decision, and it became the Commissioner's final decision.

In July of 2010, Johns, by then an adult, commenced the case at bar by filing a complaint pursuant to 42 U.S.C. 405(g). In the complaint, he challenged the Commissioner's final decision.

<u>STANDARD OF REVIEW</u>. The sole inquiry for the Court is to determine whether the ALJ's findings are supported by substantial evidence on the record as a whole. It requires the Court to consider the weight of the evidence in the record and apply a balancing test to evidence which is contrary. <u>See</u> <u>Heino v. Astrue</u>, 578 F.3d 873 (8th Cir. 2009).

<u>THE ALJ'S FINDINGS</u>. The issue before the ALJ was whether Johns met the resource requirement for entitlement to supplemental security income benefits, specifically, "whether the total value of any countable resources that [Johns] and his parents own … exceed the resource limit from June 2005 through December 2005 and from January 2006 on." <u>See</u> Transcript at 9. The ALJ found that the countable resources exceeded the allowable limit during the relevant periods, specifically finding as follows:

> … [The claimant's father] stated he makes about $40,000 a year, and that [Johns' parents] applied for disability to get Medicaid to help with the medical bills that total over $100,000. He noted his insurance from his employment has paid some, but not all[,] and that his son had to have brain surgery at Leboneur Hospital and is still disabled today. He also noted his son has to have everything in print enlarged, still goes to therapy, and that he has had to use part of his IRA to pay for the treatment (co-pays). He noted his son has no vision to the left side (no peripheral vision) and has not applied for a driver's license due to his limitations. The claimant's father's testimony is found to be credible.
>
> Resources are the things that the claimant and his parents own such as cash, stocks, bank accounts, certain type of life insurance, buildings, and land on which he and his parents do not live. Not included is the home in which he and his parents live, one car used for necessary activity, and some other things such as pension funds, burial space, and certain burial funds up to $1500.00. The allowable resources are added together including both parents' resources and then the resource limit for the number of parents in the household is subtracted. If the claimant is over that amount, he [is] ineligible for benefits.
>
> For the period from June 2005 through October 2005, the claimant was found to have countable resources of $4,022.11 which is over the $2000.00 resource limit. For November 2005 through December 2005, his parents' resources were found to be $5,303.18, which is over the $3000 allowable amount for both parents. …

See Transcript at 9-10. The ALJ found that the countable resources Johns had available to him from June of 2005 through October of 2005, from November of 2005 through December of 2005, and from January of 2006 forward exceeded the allowable limit.[1] The ALJ thus found that Johns was not entitled to supplemental security income benefits.

---

[1] The ALJ did not explain why the relevant period was separated into three different periods of time. Also, the ALJ did not specifically state the amount by which Johns' resources for the period from January of 2006 forward exceeded the limit established by the Act.

DID THE ALJ FULLY DEVELOP THE RECORD. Are the ALJ's findings supported by substantial evidence on the record as a whole? Johns thinks not and maintains that the ALJ did not fully develop the record, a particularly critical obligation in this instance because, as Johns notes, he was not represented by counsel at the administrative hearing. He primarily maintains that the record was not fully developed because the ALJ did not obtain up-to-date financial records.[2]

The ALJ has an obligation to fully develop the record, especially when the claimant not represented by counsel. See Clark v. Shalala, 28 F.3d 828 (8th Cir. 1994). The determination of whether the record was fully developed is made on a case-by-case basis. See Battles v. Shalala, 36 F.3d 43 (8th Cir. 1994). It involves examining whether the record contains sufficient information for the ALJ to have made an informed decision. See Pratt v. Asture, 372 Fed.Appx. 681 (8th Cir. 2010).

---

[2]

Johns specifically maintains the following:

[The] testimony shows that the amount of resources available in the bank accounts had changed drastically since the original application had been filed, primarily due to [Johns'] medical bills. However, only the balance in [his] joint savings account was included in the record. As stated by [his] father, his parents were required to use the funds in their savings and IRA accounts, in addition to [his] own funds, in order to pay his medical bills. Unfortunately, the degree to which these accounts had been depleted in the previous two years was not presented before the Court.

In addition to the bank accounts, the only remaining resources that were used to disqualify [Johns] under the Non-Medical Guidelines were several whole life insurance policies which had projected cash values attached to them. … In assigning a value to these policies, the [ALJ] used the cash value listed in the original policy documents that were given to the policy holders, including two documents which were issued more than thirty-five years prior to the hearing. … In fact, the most recent life insurance policy owned by [Johns] and/or his parents was issued more than ten years prior to the hearing. … Thus, a truly accurate account of the value of these policies could not be made without more current documentation, which was not sought by the [ALJ] or the unrepresented claimant in this case.

See Document 13 at 7.

Johns initially maintains that the ALJ was under a heightened obligation to fully develop the record because Johns did not have the benefit of legal representation at the administrative hearing. The Court does not disagree with his assertion.[3] The Court nevertheless finds that the ALJ recognized the heightened obligation and fully complied with it.

Johns' application for supplemental security income benefits was denied initially and upon reconsideration because the countable resources available to him during the relevant periods exceeded the allowable limit, a fact he clearly knew prior to the administrative hearing.[4] At the hearing, the issue was not whether Johns was disabled; rather, the issue was strictly a financial one, i.e., the amount of the countable resources available to Johns during the relevant periods. Although counsel would have aided in the presentation of the financial evidence, it cannot be said that only an attorney could have presented such evidence.

Johns appeared at the administrative hearing with his parents, who were acting on his behalf, but was not represented by counsel. John's father and the ALJ had the following exchange at the outset of the hearing:

---

[3]

An administrative hearing is not an adversarial proceeding. "The ALJ possesses no interest in denying benefits and must act neutrally in developing the record. See Richardson v. Perales, 402 U.S. 389, 410 ... (1971) ("The social security hearing examiner, furthermore, does not act as counsel. He acts as an examiner charged with developing the facts.") ..." See Snead v. Barnhart, 360 F.3d 834, 838 (8th Cir. 2004).

[4]

For instance, in Johns' request for an administrative hearing, he represented that he disagreed with the Commissioner's denial for the following reason: "Steven does not have any income-have used some of his savings to paid on doctor bills and school clothes that he needed. His mother has used some [of] the savings to [pay] on Steven's braces. New bank statement included." See Transcript at 24.

> ALJ: ... Now, Mr. Johns, you are entitled to have someone represent you at these hearings if you so desire. I can't appoint anyone to represent you, but you certainly have the right to have someone if you want to do that, and that is my responsibility to inform you of that right before we proceed with any further proceedings in this matter. So do you want to get someone to represent you, or do you want to go ahead and have the hearing without legal representation?
>
> [John's father]: I think we will just go ahead and have it today without representation.

See Transcript at 122-123. As the foregoing demonstrates, the ALJ addressed Johns' lack of counsel at the outset of the hearing, and Johns' father unequivocally articulated the family's desire to go forward without an attorney. The ALJ did not err in allowing Johns to so proceed. See Highfill v. Bowen, 832 F.2d 112 (8th Cir. 1987) (lack of counsel does not in itself deprive claimant of fair hearing).

The record reflects that Johns' father was the only witness to testify at the administrative hearing, although Johns' mother did clarify a few matters. See Transcript at 122-140. Admittedly, the hearing did not last long, but that fact is of little consequence as the only issue was the countable resources available to Johns during the relevant periods. The Court has reviewed the transcript of the hearing and finds nothing unfair or prejudicial about the manner in which it was conducted. See Onstad v. Shalala, 999 F.2d 1232 (8th Cir. 1993) (absent unfairness or prejudice, remand not warranted).[5]

---

[5] Although not entirely relevant to whether the ALJ complied with the heightened obligation to fully develop the record, it is also worth noting that Johns was represented by counsel during the course of his appeal to the Appeal Council. Johns nor his attorney submitted any additional financial evidence to the Appeals Council.

Accordingly, the Court finds that the ALJ recognized the heightened obligation to fully develop the record and fully complied with that obligation. The only questions for the Court are whether the ALJ fully developed the record regarding the countable resources available to Johns during the relevant periods and whether substantial evidence on the record as a whole supports the ALJ's findings as to those resources.

A claimant's entitlement to supplemental security income benefits is tied, in part, to the resources available to him.[6] If the claimant is an unmarried child living in the same household as his parents, the child's resources are deemed to include portions of his parents' resources. See 20 C.F.R. 416.1202(b). If their resources exceed a set amount, supplemental security income benefits are denied even if the child is disabled. What is that set amount? 20 C.F.R. 416.1205 provides that the countable resource limit for a child is $2,000.00 and the countable resource limit for his parents is $3,000.00, or a total of $5,000.00 for an unmarried child living in the same household as his parents.

The ALJ found that the countable resources Johns had available to him from June of 2005 through October of 2005, from November of 2005 through December of 2005, and from January of 2006 forward exceeded the allowable limit. Although not specifically noted by the ALJ, it appears that the ALJ simply adopted the Commissioner's earlier findings as to the types and amounts of those resources, findings that were as follows:

---

[6] Resources are "cash or other liquid assets or any real or personal property that an individual … owns and could convert to cash to be used for his … support and maintenance." See 20 C.F.R. 416.1201(a).

1) For the period from June of 2005 through October of 2005, the Commissioner only counted Johns' assets. See Transcript at 38. His assets were found to have a total value of $4,022.11, or $2,022.11 above the resource limit.

2) For the period from November of 2005 through December of 2005, the Commissioner counted both Johns' assets and those of his parents. See Transcript at 39-40. Their combined assets were found to have a total value of $49,459.99, or $44,459.99 above the combined resource limit.[7]

3) For the period from January of 2006 forward, the Commissioner counted both Johns' assets and those of his parents. See Transcript at 41-42. Their combined assets were found to have a total value of $50,320.87, or $45,320.87 above the combined resource limit.[8]

Johns maintains that the ALJ failed to fully develop the record because he failed to consider that the balance of the family's checking and savings accounts had decreased over time as Johns' medical bills have continued to be paid. In addition, he maintains that the ALJ should have obtained up-to-date information as to the cash value of the life insurance policies. The Court is not persuaded by either assertion.

---

[7] The Commissioner specifically found that for the period from November of 2005 through December of 2005, Johns' parents had resources of $45,303.18, or $42,303.18 in countable resources. See Transcript at 39. The ALJ found, however, that the resources of Johns' parents for the same period of time were $5,303.18. See Transcript at 10. It appears that the ALJ finding is simply a scrivener's error as he simply omitted a "4" and meant to find that Johns' parents had resources for that period of time of $45,303.18.

[8] Neither the ALJ nor the Commissioner explained why only Johns' resources were counted for the period from June of 2005 through October of 2005 but his resources and those of his parents were counted for the periods from November of 2005 through December of 2005 and from January of 2006 forward.

With regard to the balance of the family's checking and savings accounts, the Court accepts Johns' representation that the balances have decreased over time as his medical bills have continued to be paid. He has failed to show, however, that the balances decreased during the relevant periods. In particular, Johns has failed to show that the balance of his lone bank account, i.e., the American State Bank savings account, decreased during the period from June of 2005 through October of 2005, the period during which only his assets were counted. During the other periods, Johns' father owned an Individual Retirement Account ("IRA") with a value that more than exceeded the allowable limit.

With regard to the cash value of the life insurance policies, Johns has failed to show that up-to-date information would have changed the ALJ's decision. As the Commissioner notes, Johns' father testified that the family has not obtained the cash value of any of the policies, and the policies themselves document that their cash values have remained the same or increased during the relevant periods. Moreover, the value of the IRA owned by John's father more than exceeded the allowable limit.

The Court finds that the record contains sufficient information for the ALJ to have made an informed decision regarding the countable resources available to Johns during the relevant periods. Thus, the Court finds that the ALJ fully developed the record.

Does substantial evidence on the record as a whole support the ALJ's decision as to the countable resources available to Johns during the relevant periods? The Court thinks so for the following reasons.

First, for the period from June of 2005 through October of 2005, the ALJ could and did properly find that Johns' assets exceeded the allowable limit. The ALJ found that Johns had assets totaling $4,022.11, specifically, a life insurance policy with a cash value of $1,104.75, see Transcript at 63, and a savings account with a value of $2,917.36, see Transcript at 105. The ALJ should not have counted the policy as one of Johns' assets, though, because he was not the policy holder; instead, he was the insured and could not have obtained its cash value.[9] Setting aside the cash value of the policy, the ALJ nevertheless properly found that Johns' lone asset for that period, i.e., the American State Bank savings account, had a value greater than $2,000.00. As a result, he was not entitled to supplemental security income benefits for that period.

Second, for the period from November of 2005 through December of 2005, the ALJ could and did properly find that the family's assets exceeded the allowable limit. Johns' father owned an IRA during the period that had a balance of more than $22,000.00, see Transcript at 108, and there is no evidence that his father withdrew any money from the account during the period, see Transcript at 132-133. Although the Court appreciates his father's concerns about the consequences of making a premature withdrawal from an IRA, see Transcript at 109, it is clear that a retirement account is a "resource." See Blaylock v. Harris, 531 F.Supp. 24 (E.D.Mo. 1981). As a result, Johns was not entitled to supplemental security income benefits for that period.

---

[9] The policy holder was Johns' mother. Because the ALJ did not count the resources of John's parents for the period, the cash value of the policy should not have been considered by the ALJ.

Third, for the period from January of 2006 forward, the ALJ could and did properly find that the family's assets exceeded the allowable limit. Johns' father owned an IRA during the period that had a balance of more than $22,000.00. See Transcript at 108. There is no evidence that his father withdrew any money from the account up through the date of the administrative hearing, see Transcript at 132-133, or up through the date of the ALJ's decision. Because a retirement account is a "resource," Johns was not entitled to supplemental security income benefits through the date of the ALJ's decision.

CONCLUSION. The Court recognizes the difficult situation faced by Johns and his parents. They seek financial assistance in caring for his traumatic injuries, injuries for which he has undoubtedly incurred significant financial obligations. In order to obtain supplemental security income benefits for the period during which he was a child, though, the law requires the family to have exhausted a considerable amount of their own finances, including those resting in an IRA.[10] Johns was simply not eligible to receive supplemental security income benefits during that period because the countable resources available to him during the relevant periods exceeded the limit established by the Act. There is substantial evidence on the record as a whole to support the ALJ's findings. Accordingly, Johns' complaint is dismissed, all requested relief is denied, and judgment will be entered for the Commissioner.

---

[10] The Court takes no position on whether changed circumstances now exist, namely, that Johns is no longer a child or that the type and amount of his resources have changed.

IT IS SO ORDERED this ___16___ day of June, 2011.


                                              UNITED STATES MAGISTRATE JUDGE